UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stanley B. Doremus,                        Case No. 3:17-cv-02061

      Plaintiff

v.                                        MEMORANDUM OPINION
                                              AND ORDER

Toledo Police Department, et al.,

      Defendants

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Stanley B. Doremus filed this action under 42 U.S.C. § 1983 against the Toledo Police Department, the Lucas County Sheriff, the United States Marshal, the Toledo Municipal Court, the Toledo Municipal Court Prosecutors and Employees, the Lucas County Common Pleas Court and Employees, the United States District Court and Employees, Toledo Municipal Court Prosecutor Michelle Turvey, and Toledo Municipal Court Judge J.W. Lanzinger. He alleges the Toledo Police, Lucas County Sheriff's Deputies, and the United States Marshals would not allow him to bring two audio recording devices into the Toledo Municipal Court, the Lucas County Common Pleas Court and the United States District Court. He alleges Turney refused to file criminal charges against another individual, and Judge Lanzinger raised his voice at him during a proceeding. He asserts claims for denial of due process, and seeks monetary damages.

Plaintiff also filed a statement of indigence (Doc. No. 1-1), which I will construe as a Motion to Proceed *In Forma Pauperis*. That Motion is granted.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting

the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations of constitutionally protected liberty and property interests, which are conducted without due process, are subject to suit under 42 U.S.C. § 1983. *Id.*

Plaintiff has not demonstrated that he has a protected liberty or property interest in bringing two recording devices and a cell phone into a courtroom. He cites to no authority suggesting he has recognized interest in bringing these devices into court, and none is apparent on the face of the Complaint. Furthermore, he was not deprived of his property. The recording devices were held by court security officials while he was in the respective courthouses, but they were returned to him upon his departure. He was not denied due process.

In addition, he contends Turney refused to filed criminal charges against another individual. The benefit he may receive from having someone else arrested for a crime does not trigger protections under the Due Process Clause. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006).

Plaintiff contends Judge Lanzinger raised his voice when speaking to him during a case. He provides no information suggesting he was denied due process by this action. Moreover, judges are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even

if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff indicates the judge raised his voice during a court proceeding. Judge Lanzinger is absolutely immune from suit for that action.

The remaining Defendants were not mentioned at all in the Complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts that reasonably associate these Defendants to any of the claims set forth by Plaintiff.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge